should be reversed and a new trial ordered, with costs to abide the event."

*Charles Blandy* for the appellants.

*E. H. Moeran* for the respondent.

Opinion by Daniels, J., Brady, J., concurred.

Judgment reversed, new trial ordered, costs to abide event.

---

## STEPHEN LOVEJOY, Respondent, v. HENRY TIETJEN and Others, Appellants.

*Conveyance of real estate — when the points of the compass, as contained in the deed, are at variance with the true location of the lot, as determined by measurements, the courses and distances must always give way to the monuments.*

Appeal from a judgment in favor of the plaintiff entered after a trial at Special Term.

This action was brought to recover a deposit, made upon the purchase at auction, of certain real estate and the expenses of investigating the title. The plaintiff obtained a judgment for $580.08, damages and costs, and from such judgment this appeal was taken. The question involved arises as to the defendant's title to a part of the premises sold, viz., No. 38 Pike street. At the auction sale the premises were sold as No. 38 Pike street, and by no other description. The lot in question formed part of lot No. 386 upon the map of Rutger's farm, and in 1807 was conveyed to one Leonard Fisher. Leonard Fisher died leaving a last will and testament, which was duly admitted to probate, by which he devised lot No. 38 Pike street, without any other description, to Louisa Langstaff and Augusta Langstaff, who, in 1852, made a conveyance to one Boehringer of the premises by the following description: "All the following premises situate in the city of New York, and described as follows, to wit, being part of the lot No. 38 Pike street, and beginning at the *north-west* corner of said lot, running thence south about fifty feet; thence east twenty-seven feet; thence north about fifty feet to Pike street; thence west along Pike street twenty-

seven feet to the place of beginning, being the same premises mentioned in the last will and testament of Leonard Fisher, deceased." This description was the one which was claimed to be too vague, uncertain and indefinite to locate the premises sought to be conveyed.

The court at General Term said: " It seems to be conceded by the respondent that if the deed had purported to convey the whole of 38 Pike street, that no difficulty would have arisen in identifying the premises intended, but as the deed purported to convey only a part of lot No. 38 Pike street, and not the whole lot, that the vagueness and uncertainty of the description becomes material. If Pike street ran east and west, instead of north and south, as it actually does, the description would be perfectly intelligible. The conveyancer in drawing this deed made a mistake evidently in the points of the compass. Hence the difficulty. The lot, as described, is stated to be a part of lot 38 Pike street; it has a front on Pike street of twenty-seven feet and a depth of fifty feet on each side. These dimensions are fixed and determined and there is only one part of the lot 38 Pike street as conveyed to Fisher which can fulfill these conditions. It is true that the points of the compass, as contended in the deed, are at variance with this location, but courses and distances must always give way to monuments (2 Wash. on Real Prop., 674), and as there can be no mistake as to what was intended by the description in question; when we disregard the mistake in the points of the compass there is no ambiguity or uncertainty in the description. If we have a front of twenty-seven feet on Pike street which is a natural boundary, and a depth of fifty feet, we have no difficulty in locating the property in question, as that part of 38 Pike street which the plaintiff actually bought.

" The judgment appealed from should, therefore, be reversed and a new trial ordered, with costs to the appellant to abide the event.

*Barnum & Rebham,* for the appellants.

*M. J. O'Brien,* for the respondent.

Opinion by VAN BRUNT, P. J.; BRADY and DANIELS, JJ., concurred.

Judgment reversed, new trial ordered, costs to abide event.